NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GLEN CHRISTIAN,

            Plaintiff,

v.

CHERYLIN CHRISTIAN,

            Defendant.

Civil Action No. 14-5899 (MAS) (LHG)

MEMORANDUM OPINION

**SHIPP, District Judge**

This matter comes before the Court following Plaintiff pro se Glen Christian's filing of a complaint or, in Plaintiff's alternative characterization, a motion to vacate the decision of the New Jersey Supreme Court under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Plaintiff requests that the Court declare the New Jersey Supreme Court's final order denying certification of his appeal from an adverse ruling void and vacate the order. For the following reasons, the Court sua sponte dismisses Plaintiff's complaint with prejudice for lack of jurisdiction.[1]

**I.    Background and Procedural History**

Plaintiff pro se filed this action in September 2014. As noted, Plaintiff's initial pleading professes to be a motion to vacate the order of the New Jersey Supreme Court. On February 2, 2015, Defendant Cherylin Christian filed a submission with the Court, which, while labelled as an "Answer" on the Court's docket, is better characterized as correspondence explaining her position with regard to Plaintiff's complaint. (ECF No. 5.) On March 9, 2015, Plaintiff submitted another

---

[1] A court, having discovered that it lacks subject-matter jurisdiction over the matter, must dismiss an action. Fed. R. Civ. P. 12(h)(3).

motion to vacate the New Jersey Supreme Court's order, which primarily points out that Defendant's "Answer" to the Court was untimely.

The essence of Plaintiff's submissions to the Court is that the procedures employed in the state trial court violated Plaintiff's constitutional rights because the court lacked jurisdiction over the matter. It appears, based on the allegations of the complaint, that Plaintiff was a party to a consent no-contact order (the "Order"), which barred Plaintiff from contacting Defendant, his ex-wife, in connection with allegations of domestic abuse. According to the complaint, Plaintiff filed a separate action in state court seeking to vacate the Order, which was denied. Plaintiff appealed that decision to New Jersey's Appellate Division, which affirmed the trial court. Plaintiff again appealed, but the Supreme Court of New Jersey denied certification. Plaintiff claims that, due to a lack of jurisdiction in state court, the Supreme Court of New Jersey's denial of certification is void and should be set aside.

## II.   Discussion

The Court lacks jurisdiction to decide this case. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging the 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that "seek[] what is in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Rather, review of a decision by a state's highest court can only be had in the state's appellate courts or in the United States Supreme Court. *See D.C. Ct. of Appeals v. Feldman*,

460 U.S. 462, 476 (1983); *see also* 28 U.S.C. § 1257. "The [*Rooker-Feldman*] doctrine is jurisdictional in nature, precluding further federal review." *Turetsky v. Turetsky*, 402 F. App'x 671, 673 (3d Cir. 2010) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010)). The Third Circuit has shed light on the requirements necessary for the "doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western*, 615 F.3d at 166 (quoting *Exxon Mobil*, 544 U.S. at 284).

Here, *Rooker-Feldman* is applicable. The first and third requirements, set forth in *Great Western*, are easily satisfied: Plaintiff failed in his attempts to set aside the Order in state court, and the judgment was rendered prior to the institution of this suit. However, "[t]he second and fourth requirements are key to determining whether a federal suit presents an independent non-barred claim"—and are more intricately applied. *See id.*

The second requirement set forth in *Great Western* is also present. In determining whether the second requirement is met, "[t]he critical task is to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* at 167. Here, the injury complained of is the denial of Plaintiff's attempts to the set aside the Order in state court. This is exactly the sort of injury identified in *Great Western*: Plaintiff's professed injury *is* the state court's decision.

In addition, the fourth requirement set forth in *Great Western* is present. "What this requirement targets is whether the plaintiff's claims will require appellate review of state-court decisions by the district court." *Id.* at 169. Indeed, here, Plaintiff invites just such a review.

3

Plaintiff's submissions to the Court complain of procedural irregularities and deprivations and contend that the state court came to the wrong conclusion. These errors, according to Plaintiff, caused him constitutional injury. For instance, the complaint states that: "The only question for the court is whether the [Order] is void [based on lack of personal jurisdiction]; if it is, relief from it should be granted." (Compl. 14.) Plaintiff plainly invites the Court to conduct a review of the state-court decision below.

Based on the above, all four prongs of *Rooker-Feldman* are satisfied. Accordingly, the Court lacks jurisdiction to decide the matter.

### III. Conclusion

For the foregoing reasons, the Court dismisses this matter with prejudice for lack of jurisdiction. An appropriate order accompanies this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: April 13th, 2015